JOHN GOWRY v. ARTEMAS WARD.

*Special Assumpsit. Variance.*

Where the plaintiff, in his declaration, as a consideration for the promise, set forth, "that the defendant being indebted to the plaintiff in about the sum of forty-three dollars and fifty cents, in consideration that the plaintiff would acquit him therefor, promised the plaintiff in satisfaction thereof, to give him a promissory note of about the sum of twenty-four dollars, and deliver to him a certain rifle gun," &c., and the proof was, that "defendant gave his note payable in one year, to one Lathrop, for fifteen thousand heart shingles, which note belonged to the plaintiff, and that it was agreed between the parties, that said note should be given up, by plaintiff to the defendant, and that defendant should, within a week or ten days thereafter, deliver to the plaintiff a note for twenty-four dollars, payable in three thousand feet of floor plank, and a rifle gun," &c., *it was held*, that this was a variance; the legal intendment from the declaration being that it was to be a cash note.

SPECIAL ASSUMPSIT. Plea, the general issue, and trial by jury.

The plaintiff relied upon the second count in the declaration, which was as follows :

"Also for that the said defendant, on or about the 15th day of "April, 1849, being indebted to the plaintiff in about the sum of "$43,50, in consideration that the plaintiff would acquit him there-"for, promised the plaintiff in satisfaction thereof, to give him a "promissory note of about the sum of $24,00, and deliver to him "a certain rifle gun valued at ten dollars, which had belonged to "Artemas Ward, Jr., in his life time, and which was then possess-"ed and claimed by the defendant, and the plaintiff confiding in "said promise, did acquit the defendant of such indebtedness ; and "although the defendant has since given said promissory note to "the plaintiff, he has not delivered to the plaintiff said rifle gun, "but so to do has utterly neglected," &c.

On the trial, the plaintiff offered testimony, tending to prove that in March, 1849, he held a note against the defendant, dated the 9th day of November, 1842, payable to one Hubbell Lathrop, but which belonged to the plaintiff, for fifteen thousand heart shingles, one year from its date ; that it was agreed between the parties that said note should be given up by the plaintiff to the defendant, and that the defendant should, within a week or ten days thereafter, deliver to the plaintiff a note for the twenty-four dollars, payable

XXV.      15

in three thousand feet of floor plank, and a rifle gun, which had belonged to his (defendant's) son Artemas, called the Hutel rifle, valued at something like $14,00 ; that said note was given up to defendant, and that heart shingles, in March, 1849, were worth two dollars per thousand.

It was insisted by the defendant that there was a variance between the declaration and the plaintiff's proof; but the court overruled the objection, and the jury returned a verdict for the plaintiff.

To the decision of the court, the defendant excepted.

*H. Canfield* for defendant.

The promise of the defendant is alleged to have been : 1st, to give the plaintiff a promissory note of about $24,00 ; and 2d, to deliver a rifle gun valued at $10,00. To correspond with this allegation, the proof should have been, to give a promissory note payable in money, and not in specific articles. *Smith* v. *Brush,* 8 Johns. 65.

The latter is not regarded as a promissory note, only so far as declaring upon the instrument is concerned. *Dewey* v. *Washburn,* 12 Vt. 580. And a tender of such a note would not have been a fulfillment of the promise as alleged.

*Roberts & Fowler* for plaintiff.

The defendant's objection is not to a defective or insufficient description of the contract in the declaration ; but to a supposed variance between the description given and the proof.

1. Without a knowledge of the value of the shingles, at the place of delivery, at the maturity of the note, the court could not say, that the indebtedness was not precisely $43,50 ; much less that it was not *about* that sum. 1 Phil. Ev. 209. 1 Cowen & Hill's Notes, 521. 2 Barn. & Ald., 206.

2. *Declaration,* " a promissory note of about $24." *Proof,* " a note for $24, payable in 3,000 feet of floor plank."

This is a promissory note of just $24. *Perry* v. *Smith,* 22 Vt. 301.

3. Time for delivery of $24 note and gun is not stated. It need not be. 1 Cow. & Hill's Notes, 509. *Porter* v. *Talcot,* 1 Cowen, 359.

An agreement to deliver " in a week or ten days," was proved.

Gowry *v.* Ward.

Here is no inconsistency, nothing averred which is falsified by the proof—hence no variance; merely a redundancy of proof. *Allen* v. *Goff,* 13 Vt. 148. *Atwood* v. *Smith,* 5 Pick. 232, 235. 1 Cow. & Hill's Notes, 510.

The opinion of the court was delivered by

BENNETT, J. The only question in this case, is a question of variance; and we think there must be a new trial.

The declaration, as a consideration for the promise, states an indebtedness from the defendant to the plaintiff in about forty-three dollars and fifty cents, and an agreement that he would acquit the defendant therefrom. The proof is an indebtedness from defendant *to one Hubbell Lathrop,* in a note, for fifteen thousand heart shingles, payable to Lathrop, in one year from date, of which note the plaintiff was the holder, the note bearing date in November, 1842.

The note not being *negotiable,* the legal indebtedness was to Lathrop, and the plaintiff had only an equitable claim against the defendant; and the promise in the declaration, on the part of the defendant, was to give the plaintiff his promissory note for about twenty-four dollars, and a certain rifle gun, valued at ten dollars, which had belonged to Artemas Ward, Jr. The note which the defendant was to give the plaintiff, as appears by the evidence, was to be for twenty-four dollars, *payable in three thousand feet of floor plank,* and to be given within a week or ten days. The legal intendment from the declaration is, that the note was to be given upon the plaintiff's discharging his debt, and that it was to be a cash note for about twenty-four dollars. It requires no argument to show that a note payable *in lumber,* is not the same thing as if payable *in cash.*

The judgment of the County Court is reversed, and the case remanded.